IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELICA RAMIREZ,<br>    *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. _____ |
| FIESTA MART, L.L.C.,<br>    *Defendant.* | § § § § | |

**Defendant Fiesta Mart, LLC's Notice of Removal**

Defendant Fiesta Mart, LLC ("Fiesta") hereby removes this action from the 192nd Judicial District of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Fiesta states as follows:

## I.
## Facts

1. On February 2, 2021, Plaintiff Ana Delia Alcaraz ("Plaintiff") filed a lawsuit in the 192nd Judicial District Court of Dallas County, Texas, styled *Angelica Ramirez v. Fiesta Mart, L.L.C.* and bearing Cause No. DC-21-01473.[1]

2. Plaintiff seeks to recover damages arising from an alleged incident that occurred on January 4, 2020 at Fiesta's store. Plaintiff seeks damages for negligence and/or premises liability.[2] She seeks "monetary relief of $100,000.00 or less" but then provides that "[t]his civil action does not exceed $74,999.99. Plaintiff stipulates that damages do not exceed $74,999.99."[3]

---

[1] *See generally* Exhibit 5, Plaintiff's Original Petition.

[2] *See id.* at ¶ 9.

[3] *Id.* at ¶ 4.

## II.
## Timeliness of Removal and Consent of Defendant

3.      Fiesta was served on March 3, 2021.[4] Fiesta timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

4.      Fiesta is the single defendant in this suit and, accordingly, no other defendants are necessary to join in, or consent to, this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.
## Venue

5.      The 192nd Judicial District Court of Dallas County, Texas is located within the Northern District of Texas, Dallas Division.  Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
## Diversity Jurisdiction

6.      A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7.      This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).

**A.**    **Diversity of Citizenship**

8.      Diversity exists when the amount in controversy is $75,000 and the citizenship of

---

[4] Exhibit 8, Executed Citation for Fiesta.

each plaintiff is diverse from the citizenship of each defendant.  28 U.S.C. § 1332(a)(1).

   i.  *Plaintiff's Citizenship*

9. Plaintiff alleges she is a resident of Texas.[5]

10. Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition, and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal.  *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

   ii.  *Defendant Fiesta's Citizenship*

11. Fiesta is a citizen of the State of Delaware and the State of California.  Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

12. Fiesta is a limited liability company.  Its citizenship is determined by the citizenship of its members.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13. As explained in the affidavit of Mr. Michael Saltzstein, the sole member of Fiesta Mart, L.L.C. is Bodega Latina Corp.[6]  Bodega Latino Corp. is a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[7]

14. The corporate structure of Fiesta has not changed since the time Mr. Saltzstein's affidavit was executed.  Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state.  *See Harvey*, 542 F.3d at 1080.

15. Complete diversity exists as the parties are citizens of different states.  28 U.S.C. §

---

[5] *See* Exhibit 5, ¶ 2.

[6] Exhibit 14, Affidavit of Michael Saltzstein, ¶ 3

[7] *Id.*.

1332(a)(1).

**B. The Amount In Controversy Exceeds $75,000.**

16. To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount is controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed. *See id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

17. Plaintiff's state petition alleges that Plaintiff seeks "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[8] This allegation is sufficient to establish the jurisdictional amount. *See Lopez v. Wal-Mart Stores, Inc.*, No. CV-B-15-174, 2016 WL 1104884, at *3 n.2 (S.D. Tex. Jan. 15, 2016) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)) (finding that assertion of "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees" satisfies the amount in controversy requirement).

18. However, Plaintiff appears to attempt to circumvent diversity jurisdiction by pleading that the damages "do not exceed $74,999.99" and further stating that "Plaintiff stipulates that damages to do not exceed $74,999.99."[9] These allegations do not establish the amount in controversy.

19. Plaintiff contravenes the Rule 47 of the Texas Rules of Civil Procedure in an

---

[8] *See* Exhibit 5, ¶ 4.

[9] *Id.*

attempt to circumvent federal jurisdiction.[10] *See Martinez v. Liberty Ins. Corp.,* CV H-19-3935, 2019 WL 6894496, at *2 (S.D. Tex. Dec. 18, 2019) ("[W]hen a plaintiff alleges in his Texas state petition that his claim does not exceed $75,000, his pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction"); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (holding that the amount-in-controversy determination "does not end merely because the plaintiff alleges damages below the threshold").

20. Plaintiff's unsworn stipulation is likewise insufficient to defeat federal jurisdiction because it is not binding and does not indicate whether Plaintiff would accept an award in excess of $75,000. *See Wear v. Am. Time Mfg. Ltd.*, No. SA–12–CV–763–XR, 2012 WL 6629603, at *2 (W.D. Tex. Dec. 19, 2012) ("[The] [p]laintiff's pleading statement [that the plaintiff sought monetary relief aggregating less than $75,000] is nonetheless insufficient to defeat jurisdiction in this case because [this] statement does not indicate whether [the] [p]laintiff would *accept* an award in excess of $75,000.").

21. Nothing would prevent Plaintiff from simply amending her Petition at any time, including at trial, to seek additional damages. The Court should therefore disregard the Plaintiff's attempt to circumvent diversity jurisdiction. *See Ford v. United Parcel Serv., Inc.*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014) ("Although the allegations of [the plaintiff's] petition are binding judicial admissions for the time being, they will cease to be conclusive and indisputable judicial admissions if she chooses to amend or supersede her petition, as the Texas rules give her considerable latitude to do.").

---

[10] The Supreme Court of Texas amended Texas Rule of Civil Procedure 47, effective January 1, 2021, to change, among other things, the previously included "$100,000" reference to "$250,000." This case was filed after January 1, 2021, but Plaintiff failed to adhere to the revised rules in her pleadings.

22. Even further, Plaintiff's factual allegations, including the specific amounts of damages, the categories of damages she pleads, and that she "will continue to suffer . . . well into the future, if not for the balance of her life,"[11] demonstrate that the amount in controversy exceeds the requisite amount in controversy. Plaintiff seeks the following damages for the following in her petition:

(1) past medical expenses: "in excess of $20,000";

(2) future medical attention: "in amounts unknown at this time";

(3) past physical pain and suffering and mental anguish: "damages of $30,000";

(4) future physical pain and suffering and mental anguish: "damages of $20,000";

(5) physical impairment: "as determined by the trial of fact"; and

(6) wage impairment: "as determined by the trier of fact."[12]

The specified damages for which Plaintiff includes a number along total $70,000. This $70,000 figure does not include damages for future medical, physical impairment, wage impairment, or any other category of damages.

23. Plaintiff's alleged damages for future medical alone would likely push the $70,000 figure over the $75,000 threshold. It is apparent from the face of Plaintiff's state petition that the amount in controversy exceeds $75,000. *See Gebbia v. Wal-Mart Store, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that plaintiff's "request for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity . . ." were sufficient to confer removal jurisdiction.).

24. The actual amount in controversy in this matter exceed the $75,000 threshold.

**V.**

---

[11] *See* Exhibit 5, ¶ 13.

[12] *Id.* at p. 7.

## Notice

25. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta has filed or will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of Removal.[13]

## VI.
## Exhibits to Notice of Removal

26. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81.1(a) for the United States District Court for the Northern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

Exhibit 1:  Local Rule 81.1 Index;

Exhibit 2:  Completed Civil Cover Sheet;

Exhibit 3:  Completed Supplemental Civil Cover Sheet;

Exhibit 4:  The Docket Sheet of the 192nd Judicial District Court of Dallas County, Texas for Cause No. DC-21-01473, *Angelica Ramirez v. Fiesta Mart, L.L.C.*;

Exhibit 5:  Plaintiff's Original Petition (filed in the state court on February 2, 2021);

Exhibit 6:  Plaintiff's Correspondence to the Court requesting issuance of citation (filed in state court on February 2, 2021);

Exhibit 7:  Issuance of Citation for Fiesta (filed in the state court on February 2, 2021);

Exhibit 8:  Executed Citation for Fiesta (filed in the state court on March 5, 2021);

Exhibit 9:  Jury Demand (filed in the state court on March 26, 2021);

Exhibit 10: Fiesta's Original Answer (filed in the state court on March 26, 2021;

Exhibit 11: State Court's Notice of Jury Trial Setting (filed in the state court on April 1, 2021);

---

[13] A copy of the notice to be filed is attached hereto as Exhibit 16.

Exhibit 12: State Court's Notice of Jury Trial Setting to Fiesta's counsel of record (filed in the state court on April 1, 2021);

Exhibit 13: State Court's Notice of Jury Trial Setting to Plaintiff's counsel of record (filed in the state court on April 1, 2021);

Exhibit 14: Affidavit of Michael Saltzstein; and

Exhibit 15: A copy of the Notice of Removal to be filed in state court.

## CONCLUSION

Defendant Fiesta Mart, LLC respectfully removes this action from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: /s/ W. David Toney
W. David Toney
Fed. Bar. ID No. 17174
State Bar No. 00797561
Chelsea J. Lu
Fed. Bar. ID No. 3144205
*NDTX Admission Pending*
State Bar No. 24095439
Jeryn Roberts
State Bar No. 24091802
1221 McKinney Street, Suite 4400
Houston, Texas 77010
(713) 652-5151
(713) 652-5152 Facsimile
david.toney@arlaw.com
chelsea.lu@arlaw.com
jeryn.roberts@arlaw.com

*Attorneys for Defendant,*
*Fiesta Mart, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via email on this the 1st day April, 2021.

R. Eric Lopez
Dan Morales
R.E. LOPEZ & MORALES
550 E 15th Street, Suite 200
Plano, Texas
(469) 209-7727
(888) 601-4934 Facsimile
service@northtxlaw.com

                                              */s/ W. David Toney*
                                              W. David Toney