FILED
2/2/2021 11:06 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

CAUSE NO. DC-21-01473

| | | |
|---|---|---|
| ANGELICA RAMIREZ,<br>*Plaintiff,* | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| V. | | 192nd _____ JUDICIAL DISTRICT |
| FIESTA MART, L.L.C.,<br>*Defendant.* | | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ANGELICA RAMIREZ, Plaintiff, complaining of and against FIESTA MART, L.L.C., Defendant herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2. Written discovery requests to FIESTA MART, L.L.C. are set forth in section IX below. Responses to discovery requests are due **fifty (50) days** from the date Defendant, FIESTA MART, L.L.C. is served with this Petition.

### II. PARTIES AND SERVICE

2. Plaintiff, ANGELICA RAMIREZ, currently resides in Dallas, Texas.

3. Defendant, FIESTA MART, L.L.C., is a Corporation who may be served through its' registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. **Issuance of Citation is requested at this time.**

### III. JURISDICTION

4. This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. This action seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. This civil action does not exceed $74,999.99. Plaintiff stipulates that damages do not exceed $74,999.99.

### IV. VENUE

5. Venue is proper in Dallas County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the occurrence that is the subject of this suit occurred in Dallas County, Texas.

### V. FACTS

6. On or about January 4, 2020, in Dallas, Dallas County, Texas. Plaintiff, ANGELICA RAMIREZ would respectfully show the court that she was a business invitee at a store owned/operated by the Defendant located at 611 W. Jefferson Blvd., Dallas, Dallas County, Texas. While inside the premises of the Defendant, Plaintiff slipped and fell on a food substance, possibly a grape, causing severe and incapacitating injury. Plaintiff states she did not see the food on the floor prior to her fall. Plaintiff was not warned of the dangerous condition that existed. Plaintiff alleges that Defendant was guilty of maintaining dangerous premises and for failing to inspect the premises. Defendant had actual and/or constructive notice of the dangerous condition.

7. As a result of the Defendant's negligent conduct, Plaintiff suffered personal injuries and property.

8. It was the Defendant, FIESTA MART, L.L.C. negligence, which was the proximate

cause of Plaintiffs' personal injuries and damages.

## VI. NEGLIGENCE OF DEFENDANT FIESTA MART, L.L.C.

9. The conduct of Defendant, FIESTA MART, L.L.C., was the proximate causes of Plaintiff's personal injuries in that Defendant, FIESTA MART, L.L.C.'s acts or omissions, constituted negligence in following acts of negligence, to wit:

   a. failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

   b. failing to keep the premises safe;

   c. failing to warn the Plaintiff that a dangerous condition existed on the premises;

   d. failing to adequately repair the dangerous condition that existed on the premises;

   e. failing to inspect the premises prior to allowing customers and invitees on the premises.

10. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII. DAMAGES

11. As a result of the negligent conduct of Defendant, FIESTA MART, L.L.C., Plaintiff, ANGELICA RAMIREZ, suffered injuries to various parts of her body.

12. As a result of the injuries she sustained, Plaintiff, ANGELICA RAMIREZ incurred reasonable and necessary doctor's and medical expenses for their necessary medical care and attention in excess of $20,000.00. There is also a probability Plaintiff will incur additional reasonable expenses for necessary medical care and attention in an amount unknown at this time.

13. In addition Plaintiff suffered severe physical and mental pain, suffering and anguish and

in all reasonable probability, will continue to suffer in this manner well into the future, if not for the balance of her life.

14. As a proximate result of the negligence of Defendant, FIESTA MART, L.L.C. Plaintiff, suffered injuries to her body in general. Plaintiff's diminished ability to administer to her own needs and the needs of her family has been seriously impaired. In all probability, her ability to attend to customary household duties will continue to be so impaired well into the future, if not for the balance of her natural life.

## VIII. DISCOVERY REQUESTS

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, please identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant," "you," or "your" means FIESTA MART, L.L.C., individually.

2. "Plaintiff" means ANGELICA RAMIREZ.

3. "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession on the item.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or sheading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or." The word "or" means "or/and."

13. The word "vehicle" means a vehicle that is involved in motor vehicle accident that is the subject of this suit.

14. Accident," "incident," or "collision" means the slip and fall that occurred on or about January 14, 2020 between plaintiff and defendant, forming the basis of this lawsuit

## Rule 194 REQUESTS FOR DISCLOSURE to FIESTA MART, L.L.C.

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a.  The correct names of the parties to the lawsuit;
b.  The name, address and telephone number of any potential parties;
c.  The legal theories and, in general, the factual basis of the responding party's claims or defenses;
d.  The amount and method of calculating economic damages;
e.  The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
f.  For any testifying expert:
    (1) The expert's name, address and phone number;
    (2) The subject matter on which the expert will testify;
    (3) The general substance of the expert's mental impressions and opinions and brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
    (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
        a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
        b. The expert's current resume and bibliography
g.  Any discoverable indemnity and insuring agreements;
h.  Any discoverable settlement agreements;
i.  Any discoverable witness statements;
j.  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
k.  In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.
l.  The name, address, and telephone number of any person who may be designated as a responsible third party.

## REQUEST FOR RULE 196.1 PRODUCTION

REQUEST NO. 1: Produce a copy of any and all videotapes and/or photographs taken on January 4, 2020 and/or depicting the condition of the store within 24 hours of the alleged incident related to this lawsuit. This request includes any surveillance films and/or videos taken on January 4, 2020.

REQUEST NO. 2: Produce a copy of any and all witness statements, incident reports and accidents reports made a result of this incident.

## PRAYER

**WSHEREFORE**, Plaintiff will respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a. Actual damages, of medical bills in excess of $20,000.00 for ANGELICA RAMIREZ, which are necessary and reasonable for these types of services in Dallas County, Texas; and for future medical attention in amounts unknown at this time;

b. Monetary damages of $30,000.00 for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact for each Plaintiff;

c. Monetary damages of $20,000.00 for future physical pain and suffering and mental anguish as found to be reasonable and just by the trier of fact for Plaintiff;

d. Physical and wage impairment as determined by the trier of fact;

e. Pre and post judgment interest at the maximum legal rate;

f. Cost of Court;

g. and for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**R. E. LOPEZ & MORALES**

550 E 15th St., Suite 200
Plano, TX 75074
Ph. 469-209-7727
Fax 888-601-4934
Service@NorthTxLaw.com

By: _____
**R. Eric Lopez**
State Bar No.: 24049894
**Dan Morales**
State Bar No.: 24049056