IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELICA RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00761-N |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Fiesta Mart, LLC's ("Fiesta Mart") motion for summary judgment [17]. Because Plaintiff Angelica Ramirez has not presented sufficient evidence to establish an essential element of her premises liability claim, the Court grants Fiesta Mart's motion.

**I. THE ORIGINS OF THE DISPUTE**

This case arises out of a slip-and-fall incident that occurred in a Fiesta Mart in Dallas, Texas. On January 4, 2020, Ramirez was walking with a shopping cart near the cash registers when she slipped on a "food substance, possibly a grape." Pl.'s Original Pet. ¶ 6. Ramirez claims that, after her fall, a manager told her that similar accidents had previously occurred in the store. Aff. of Angelica Ramirez ¶ 5. The manager allegedly stated that parents often gave their children grapes while shopping, which the children dropped on the ground. *Id*.

ORDER – PAGE 1

On February 2, 2021, Ramirez brought this action against Fiesta Mart for premises liability in Texas state court. Fiesta Mart subsequently removed the case to this Court based on diversity jurisdiction. Fiesta Mart now seeks summary judgment on Ramirez's claim.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there

is no evidence[1] to support an essential element of the nonmovant's claim or affirmative defense.  *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'"  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.  RAMIREZ ABANDONED ANY NEGLIGENT ACTIVITY CLAIM

In its motion, Fiesta Mart argues that, because Ramirez claims to have been injured by a condition of the store, she may not base her claim on a theory of negligent activity. Def.'s Mot. Summ. J. 6 [17]; *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997) (finding no negligent activity claim where a plaintiff "allege[d] that he

---

[1] Ramirez asks the Court to deny Fiesta Mart's motion on the basis that no-evidence motions with conclusory challenges are impermissible under the Texas Rules of Civil Procedure.  Pl's. Resp. Br. 4 [30].  The court rejects Ramirez's invitation.  Fiesta Mart did not file a no-evidence motion, but a motion for summary judgment under Federal Rule of Civil Procedure 56.  Federal law contemplates summary judgment in circumstances where there is no evidence of an essential element. *See, e.g., Parker v. Bill Melton Trucking, Inc.*, 2016 WL 7117253, at *2 (N.D. Tex. 2016).  Ramirez is incorrect in asking the Court to deny Fiesta Mart's motion merely because it is based on Ramirez's lack of evidence of an essential element.  Likewise, the Court rejects Ramirez's argument that Fiesta Mart's motion circumvents Texas's special exceptions practice because federal law governs.

ORDER – PAGE 3

was injured by thread protectors previously left on the ground, not as a contemporaneous result of someone's negligence"). Ramirez, in her response, denies pursing a negligent activity claim. Pl.'s Resp. Br. 2 [30]. Thus, the Court need only address the issue of premises liability.

### IV. THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

The Court grants Fiesta Mart's motion for summary judgment because Ramirez fails to raise a fact issue regarding whether Fiesta Mart had knowledge of the hazardous condition before the accident. To prevail on a premises liability claim under Texas law, an invitee[2] must establish that (1) an owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). Actual or constructive knowledge requires a plaintiff to show at least one of the following: (1) the owner created the condition; (2) the owner actually knew the condition existed; or (3) it is more likely than not that the owner had a reasonable opportunity to discover the condition. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Even when all evidence is viewed in the light most favorable to Ramirez, there is no evidence that Fiesta Mart knew or should have known about the allegedly hazardous condition.

---

[2] The parties do not dispute that Ramirez is an invitee.

ORDER – PAGE 4

### A. *Ramirez Has Not Shown that Fiesta Mart Had Actual Knowledge of the Hazard*

Ramirez has not provided any evidence that Fiesta Mart had actual knowledge of the grape on the floor. As an initial matter, Ramirez has never asserted that Fiesta Mart created the hazard. Instead, she argues that the store manager's statement about children previously dropping grapes shows actual knowledge. Pl.'s Resp. Br. 6 [30]. The Court is unpersuaded by this argument. Awareness of previous conditions does not equate to knowledge of the specific condition that caused an accident. *See Coward v. HEB., Inc.*, 2014 WL 3512800, at *4 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (holding that a defendant's knowledge of previous roof leaks did not amount to actual knowledge of the dangerous condition where the plaintiff fell). Here, Fiesta Mart's knowledge that children previously dropped grapes on the floor does not mean that it knew about the grape that caused Ramirez's fall. Ramirez has not set forth any evidence that Fiesta Mart knew about a fallen grape near the cash registers on the day of the incident. Thus, Ramirez cannot establish that Fiesta Mart had actual knowledge of the dangerous condition.

### B. *Ramirez Has Not Shown that Fiesta Mart Had Constructive Knowledge of the Hazard*

Ramirez's assertion of constructive knowledge fails the time-notice rule. In assessing constructive notice, Texas courts have adopted a "time-notice rule," reasoning that "temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Reece*, 81 S.W.3d at 816. Constructive notice thus requires that there be "some proof of how long the hazard was there before liability can be imposed on the premises owner." *Id*.

Ramirez argues that the store manager's comment about children dropping grapes establishes constructive knowledge. However, she has not offered any evidence that shows how long the grape was on the floor. She states that she does not know when the grape fell, and she does not present any other evidence to create an inference of when they fell. *See* Dep. of Angelica Ramirez 23:23–24:1. Without such evidence, Ramirez cannot prove that Fiesta Mart had an opportunity to discover the dangerous condition. Thus, Ramirez has failed to show that Fiesta Mart had constructive knowledge of the hazard.

## CONCLUSION

Because Fiesta Mart has demonstrated that there is insufficient evidence to support the essential element of notice in Ramirez's premises liability claim, the Court grants Fiesta Mart's motion for summary judgment.

Signed August 24, 2022.

_David C. Godbey_
United States District Judge